875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Fred RAUSCHENBERG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-6243.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before BOYCE F. MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Fred Rauschenberg appeals the order of the district court denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Thomas Fred Rauschenberg pleaded guilty to one count charging him with a violation of 21 U.S.C. Sec. 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, and one count charging him with violation of 21 U.S.C. Sec. 841(a)(1), possession with intent to distribute 500 grams or more of cocaine. He was sentenced to be imprisoned for 15 years on each count to run concurrently, and ordered to serve a supervised release period of eight years on count 2.
 
 
 3
 Rauschenberg asserted numerous arguments that the statute under which he pleaded guilty and was convicted is constitutionally infirm. He also claimed that the special parole term under which he was sentenced constitutes double jeopardy.
 
 
 4
 The district court found each and every one of Rauschenberg's assertions to be "utter nonsense."
 
 
 5
 On appeal, Rauschenberg launched a fresh salvo of arguments contending that the statutes under which he pleaded guilty are unconstitutional. He does not argue, however, that the special parole term constitutes double jeopardy. We consider the latter argument waived. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we find no error. Accordingly, for the reasons set forth in the district court's memorandum dated September 29, 1988, we hereby affirm pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.